**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRADLEY ENGLEBRICK, Esquire; ROXANNE HERNANDEZ, | No. 16-56334 |
| Plaintiffs, | D.C. No. 8:08-cv-01296-CJC-MLG |
| WORTHINGTON INDUSTRIES, INC.; WORTHINGTON CYLINDERS WISCONSIN, LLC, | MEMORANDUM* |
| Defendants-Appellants, | |
| v. | |
| HODES MILMAN LIEBECK, LLP; JEFFREY A. MILMAN; KEVIN G. LIEBECK, | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,** Chief

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dana L. Christensen, Chief United States District

District Judge.

On behalf of their clients, Bradley Englebrick and Roxanne Hernandez (together, "Plaintiffs"), Jeffrey Milman, Kevin Libeck, and their firm, Hodes Milman Liebeck, LLP, (collectively, "Plaintiffs' Counsel") brought a products liability action against Worthington Industries, Inc. and Worthington Cylinders Wisconsin, LLC (together, "Worthington"), after a Worthington welding torch exploded in the Plaintiffs' bedroom. During discovery, Plaintiffs repeatedly lied about their meth use and so extensively perjured themselves that the district court dismissed the underlying case as a sanction.

Worthington sought monetary sanctions against Plaintiffs' Counsel as well, which the district court initially denied without an evidentiary hearing. But, after a remand from this court, the district court allowed limited discovery and held an evidentiary hearing on the question of whether to grant sanctions against Plaintiffs' Counsel. The district court then, again, denied the motion for sanctions. Worthington appeals that ruling. We affirm.[1]

---

Judge for the District of Montana, sitting by designation.

[1]     Additionally, we deny Appellees' motion to strike (Dkt. 60). Trial transcripts that were filed with the district court are properly part of the record. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595 n.6 (9th Cir. 2002)

None of the district courts' factual findings was clearly erroneous. *See Anheuser-Busch, Inc. v. Nat'l Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995). Nor do we find that the district court made any error of law, as it properly applied California law to determine Plaintiffs' Counsel's ethical obligations. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109 (9th Cir. 2005). We also conclude that, in light of the district court's factual findings and the applicable law, the district court did not abuse its discretion in declining to award sanctions against Plaintiffs' Counsel. *See Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 435–36 (9th Cir. 1996).

**AFFIRMED.**